IN THE CIRCUIT COURT, OF THE SEVENTH JUDICIAL CIRCUIT, IN AND FOR PUTNAM COUNTY, FLORIDA

CASE NO.:
DIVISION:

**JAKE RYAN ECKHOFF**,
an individual,

       Plaintiff,

v.

**RICHARD WATSON FROST**, an individual, and **USA TRUCK, INC.**,
a Foreign Profit Corporation,

       Defendants.

_____/

# COMPLAINT

**COMES NOW** the Plaintiff, JAKE RYAN ECKHOFF, by and through her undersigned counsel, and sues the Defendants, RICHARD WATSON FROST, and USA TRUCK, INC., and alleges:

1. This is an action for damages that exceeds fifty-thousand dollars ($50,000.00), exclusive of interest, costs, and attorney fees.

2. At all relevant times, Plaintiff, JAKE RYAN ECKHOFF, was and is a resident of Palatka, Putnam County, Florida.

3. At all relevant times, Defendant, RICHARD WATSON FROST ("Truck Driver"), was and is a resident of West Monroe, Louisiana.

4. At all relevant times, Defendant, USA TRUCK, INC. ("Company"), was and is a Foreign Profit Corporation with a principal address in 3200 Industrial Park Road, Van Buren, Arkansas.

5. On or about July 17, 2020, Plaintiff, JAKE RYAN ECKHOFF, was the owner and driver of a 2020 GMC Denali, lawfully travelling westbound on Reid Street in the left turn lane, in Palatka, Putnam County, Florida.

6. At all relevant times, Defendant RICHARD WATSON FROST, was also traveling westbound on Reid Street, in Palatka, Putnam County, Florida, while operating a 2016 Freightliner, commercial motor vehicle, VIN 3AKJGLD57GSGX4436 ("CMV" or "Semitruck"), owned by Defendant COMPANY.

7. At that time and place, Defendant TRUCK DRIVER, failed to use reasonable care and negligently operated the CMV, when he made an improper left hand turn and collided with the side of Plaintiff's vehicle ("Crash").

8. At all relevant times, Plaintiff was properly restrained and did not contribute in any way to the crash or Plaintiff's injuries.

9. At all relevant times, Defendant COMPANY was and is a commercial motor vehicle carrier (USDOT No. 213754) operating multiple CMVs, including the CMV at issue in this case, in interstate commerce.

10. At all relevant times, Defendant COMPANY as a commercial motor carrier operating CMV's in interstate commerce, was subject to all rules and regulations contained within the Federal Motor Carrier Safety Regulations ("FMCSR").

11. At all relevant times, Defendant COMPANY owned or maintained exclusive control of the CMV involved in the Subject Crash.

12. At all relevant times, Defendant TRUCK DRIVER was an employee and/or agent of Defendant COMPANY and operated the CMV, with the consent of Defendant COMPANY and in the course and scope of Defendant TRUCK DRIVER's duties with COMPANY.

13. Defendants COMPANY and TRUCK DRIVER acted in a manner that either alone or combined with the actions of the other defendant's acts of negligence, directly and proximately caused the crash and the resulting injuries to Plaintiff.

14. Venue is proper in Putnam County, Florida since the acts and omissions complained of herein occurred in Palatka, Putnam County, Florida.

**COUNT I – NEGLIGENCE AGAINST DEFENDANT, RICHARD WATSON FROST**

15. Plaintiff, JAKE RYAN ECKHOFF, adopts and reincorporates paragraphs one through fourteen (1-14) as though set forth fully herein.

16. At all times material hereto, Defendant, RICHARD WATSON FROST, owed a duty to the Plaintiff, JAKE RYAN ECKHOFF, to exercise reasonable care in the operation and control of the commercial motor vehicle he was operating so as to not to injure the Plaintiff. Further, Defendant, RICHARD WATSON FROST, had a duty to be knowledgeable of and comply with all the standards applicable to the operation of the commercial motor vehicle he was driving, as required by the Federal Motor Carrier Safety Regulations (FMCSR) and CMV industry standards of care for highway safety.

17. At all times material hereto, Defendant, RICHARD WATSON FROST, was careless and negligent and breached the above duty in one or more of the following ways, including but not limited to:

    a. By negligently operating a commercial motor vehicle causing a collision with the Plaintiff;

    b. By failing to travel at a speed significantly greater than what was safe under the circumstances;

    c. By failing to keep his vehicle under control;

3

  d. Driving while distracted;

  e. Driving in violation of Florida Statute Sections 316.1925;

  f. Failing to take appropriate evasive action;

  g. By failing to maintain a single line of travel;

  h. By failing to maintain a sharp and attentive lookout;

  i. By failing to execute the required knowledge, skills, and/or techniques for safety as required by FMCSR §390.3, 383.110-113, and the CMV industry standards of care for safety;

  j. By failing to abide by local laws and ordinances as prescribed by FMCSR §392.2, and as mandated by the State of Florida;

  k. In other respects not now known to Plaintiff but which may become known prior to or at the time of trial.

18. As a direct and proximate result of the negligence of the Defendant, RICHARD WATSON FROST, the Plaintiff, JAKE RYAN ECKHOFF, was injured in and about his body and extremities, suffered a significant and permanent loss of important bodily function, suffered resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. These losses are either permanent or continuing in nature and Plaintiff will suffer such losses and impairments in the future for medical treatment, medication, and hospitalization. Plaintiff has been required to expend diverse sums of money in an effort to cure her injuries and will be required to do so in the future.

19. In that the injuries suffered by Plaintiff are continuing in nature, he will continue to suffer pain, disfigurement, scarring, mental anguish, inconvenience, emotional distress, physical

handicap and permanent injury in the future, loss of earning capacity, and will be further compelled to expend great sums of money for medical care and related treatment for those injuries, and will continue to suffer the loss of the capacity for the enjoyment of life.

**WHEREFORE**, the Plaintiff, JAKE RYAN ECKHOFF, demands judgment against Defendant, RICHARD WATSON FROST, for damages in an amount in excess of Fifty-Thousand Dollars ($50,000.00) together with prejudgment costs, interests, and attorney fees, and such other relief this Court deems just and proper. Plaintiff further demands a jury trial on all issues so triable.

## COUNT II – VICARIOUS LIABILITY AGAINST DEFENDANT, USA TRUCK, INC.

20. Plaintiff, JAKE RYAN ECKHOFF, adopts and reincorporates paragraphs one through nineteen (1-19) as though set forth fully herein.

21. At all relevant times, Defendant TRUCK DRIVER was Defendant COMPANY's agent, employee, servant, and/or independent contractor acting within the course and scope of his employment, under the direct control and for the benefit of Defendant COMPANY.

22. Therefore, Defendant COMPANY is vicariously liable for the negligent acts of Defendant TRUCK DRIVER.

**WHEREFORE**, the Plaintiff, JAKE RYAN ECKHOFF, demands judgment against Defendant, USA TRUCK, INC., for damages in an amount in excess of Fifty-Thousand Dollars ($50,000.00) together with prejudgment costs, interests, and attorney fees, and such other relief this Court deems just and proper. Plaintiff further demands a jury trial on all issues so triable.

## COUNT III – DANGEROUS INSTRUMENTALITY AGAINST USA TRUCK, INC. (STRICT VICARIOUS LIABILITY)

23. Plaintiff, JAKE RYAN ECKHOFF, adopts and reincorporates paragraphs one through nineteen (1-22) as though set forth fully herein.

24. At all relevant times, Defendant COMPANY owned the CMV involved in the

collision with vehicle operated by Plaintiff.

25. Commercial Motor Vehicles, including the CME at issue in this matter, are dangerous instrumentalities under Florida law.

26. At all relevant times, Defendant TRUCK DRIVER operated the CMV with the knowledge and consent of its owner, Defendant COMPANY.

27. On or about July 17, 2020, Defendant TRUCK DRIVER negligently operated the CMV owned by Defendant COMPANY, causing it to collide with the vehicle operated by Plaintiff and causing him injuries.

28. Under Florida's dangerous instrumentality doctrine, Defendant COMPANY has a non-delegable duty to ensure that its CMV is operated properly. As such, Defendant COMPANY is strictly vicariously liable for the negligence of Defendant TRUCK DRIVER.

**WHEREFORE**, the Plaintiff, JAKE RYAN ECKHOFF, demands judgment against Defendant, USA TRUCK, INC., for damages in an amount in excess of Fifty-Thousand Dollars ($50,000.00) together with prejudgment costs, interests, and attorney fees, and such other relief this Court deems just and proper. Plaintiff further demands a jury trial on all issues so triable.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable.

Dated this **19th** day of March 2023.

                **CAMPIONE LAW, P.A.**

                */s/ Kirby W. Johnson*
                **KIRBY W. JOHNSON, ESQ.**
                Florida Bar No.: **00113323**
                501 W Bay Street, Ste. 100
                Jacksonville, FL 32202
                Telephone: (904) 990-8400
                Facsimile: (904) 990-8411

Email: Pleadings@campionelawpa.com
KJ@campionelawpa.com
MA@campionelawpa.com
Counsel for Plaintiff

